B & H MANAGEMENT CORP., Plaintiff, v. HARDWARE MUTUAL CASUALTY COMPANY, Defendant.

First Department, February 16, 1960.

534

*Joseph Heller* of counsel (*Martin Heller* with him on the brief; *Joseph Heller,* attorney), for plaintiff.

*August C. Flamman* for defendant.

*Per Curiam.* This is a submission of controversy under sections 546 to 548 of the Civil Practice Act. The underlying question is whether a liability insurance policy for premises 68 Greene Street, New York City, issued by the defendant to the plaintiff covers liability on a claim which was the subject of an action against the plaintiff on the facts hereinafter stated.

On February 25, 1958, the basement premises of 68 Greene Street became flooded as the result of a leak in a standpipe on the street floor. No damage resulted to the property of the plaintiff. However, plaintiff was, on May 12, 1958, served with a summons and complaint in an action instituted by Kellner Waste Co., Inc., wherein it was alleged that damage was caused on February 25, 1958 to the property of Kellner, the occupant of the adjoining premises, 66 Greene Street, as a result of water leakage from plaintiff's premises.

Paragraph Seventh of the complaint in the prior action alleged '' That the aforesaid flooding is believed to have been caused by a break in the plumbing in the defendant's premises at 68 Greene Street.'' The policy in question provides for liability coverage in respect of: '' The ownership, maintenance or use of the premises, and all operations necessary or incidental thereto.''

Undoubtedly, the claim which was the subject of the prior action against the plaintiff is within the broad terms of the said coverage. However, the policy also provides for exclusions as '' to any of the following insofar as any of them occur on or from premises owned by or rented to the named insured

and injure or destroy buildings or property therein and are not due to fire: (1) the discharge, leakage or overflow of water or steam from plumbing, heating, refrigerating or air-conditioning systems, standpipes ''. The exclusion with respect to water damage is not as broad as the coverage. The exclusion is limited to damage to property located in property rented or owned by the insured resulting from water damage because of leakage of '' standpipes ''. In the instant case, although it would appear that the damage was caused by a leak in the standpipe of the insured premises, nevertheless the property affected was not '' therein ''; it was located in the adjoining building, 66 Greene Street, premises uninsured under the provisions of the policy herein.

If it be assumed that the exclusion clause is susceptible of the construction that it is applicable to damage in respect of property other than the insured's located on premises not owned or rented by the insured, plaintiff must prevail, nevertheless, because the clause also can be fairly construed to be inapplicable to such property. It is not enough that the construction contended for by the insurer-defendant can be fairly made. The construction sought by it must be the only construction that can fairly be placed thereon. The division of opinion in this court serves to emphasize that the construction urged by the defendant is not the only one which can be placed on the exclusion clause herein. The applicable principle has been stated as follows (*Bronx Sav. Bank* v. *Weigandt,* 1 N Y 2d 545, 551–552): '' To sustain the construction urged, the insurer has the burden of establishing that ' the words and expressions used not only are susceptible of that construction but that it is the only construction that can fairly be placed thereon.' (*Hartol Prods. Corp.* v. *Prudential Ins. Co.,* 290 N. Y. 44, 49, *supra*). This it has failed to do.''

Judgment should be directed in favor of the plaintiff for the sum of $2,250, without interest and without costs.

RABIN, J. P. (dissenting). I dissent and vote for judgment in favor of the defendant. The only reasonable construction that can be placed upon the exclusion clause is that such clause is broad enough to include all property damaged wheresoever situated and is not confined to damage only to such property as is located on the insured premises. Fairly read, the word '' therein '' contained in the exclusion clause merely refers to the word '' property '' so that the exclusion encompasses injuries to buildings or property in such buildings. It cannot be construed to relate back to the word '' buildings '' so as to

limit that word to mean buildings located on the insured premises. If that were the intention then the word "thereon" would have been used. Reading the exclusion clause as a whole — as we must — compels this conclusion. Consideration must be given to the following language of the clause which provides for exclusions as "to any of the following insofar as any of them occur *on or from* premises owned by * * * the named insured" (emphasis supplied). The word "from" indicates that what was intended was to exclude damage to property outside of the insured's premises, otherwise that word can have no meaning. Therefore, a reading of the exclusion clause as a whole supports the position of the defendant that any damage as the result of a leakage from plumbing or, as in this case, from the standpipe, is excluded from coverage, whether such damage is done to buildings or property on or off the insured premises.

In my opinion, judgment should be granted in favor of defendant.

M. M. FRANK, VALENTE, McNALLY and STEVENS, JJ., concur in *Per Curiam* opinion; RABIN, J. P., dissents and votes for judgment for defendant, in opinion.

Judgment directed in favor of the plaintiff for the sum of $2,250, without interest and without costs.

Settle order.