William C. Hecht, Jr., J.
This is a motion for summary judgment in an action on an insurance policy. The conceded facts are that defendant issued a general liability policy to plaintiff, and during the time the policy was in force, water damages were suffered by various third parties, as a result of seepage due to the fact that a faucet was left open over a week end on plaintiff’s premises on the sixth floor of the building in question, flooding a portion of such premises, and ultimately seeping through the building, floor by floor, down to the lowest level. Several claims for damages were asserted against plaintiff which defendant refused to defend and disclaimed any liability therefor. Plaintiff ultimately settled these claims.
Defendant’s disclaimer is based on the exclusion provision of the policy which excludes coverage for discharge, leakage or overflow of water from plumbing appliances if it occurs “ on or from premises owned by or rented to the named insured ’ ’ and injures or destroys “buildings or property therein ”. It is the insurer’s contention that this excluded liability to plaintiff’s cotenants because they were tenants of the same premises. This construction of the policy, however, is exceedingly narrow and not within the plain meaning of the clause in question. The face of the policy itself defines the premises covered and clearly indicates that such premises are confined - to the sixth floor area rented by the plaintiff. The argument that the term refers to the entire building, including all those portions not rented or controlled by plaintiff, is a specious one and must be rejected.
It is clear from the excerpts of the complaints asserted against the plaintiff at bar, that these claims were within the coverage *1050 of the policy. In such instance it was incumbent upon the insurer to defend on behalf of the insured (Pow-Well Plumbing & Heating v. Merchants Mut. Cas. Co., 195 Misc. 251, 254).
It is further asserted by the - insurer herein, that even if there was coverage, such coverage was limited by the provisions of the insurance contract to $5,000 for “ each accident” and $25,000 for “ aggregate operations ”. Thus, if it is determined that the loss herein suffered was the result of one accident, the defendant is liable only up to $5,000, whereas if several accidents are deemed to have occurred, defendant’s total liability cannot exceed $25,000.
In considering the various rules which may be applied in such instances, the Court of Appeals, in deciding what it called “a case of first impression in this State” (p. 227), rejected the approach to this problem which determines the number of accidents on the basis of whether one negligent act or omission is the sole proximate cause even though several resultant losses occurred, and the approach which holds that each person who suffered a loss has suffered an accident, and approved that approach which states that the term “ accident ” is to be used in its common sense of “an event of an unfortunate character that takes place without one’s foresight or expectation ” (Johnson Corp. v. Indemnity Ins. Co. of North America, 7 N Y 2d 222, 228). “ This approach of determining simply whether there was one unfortunate event or occurrence seems =::= * * to be the most practical of the three methods of construction which have been advanced because it corresponds most with what the average person anticipates when he buys insurance and reads the ‘ accident ’ limitation in the policy ’ ’ (supra, p. 229).
Applying this guidepost to the facts at bar the conclusion that more than one accident was involved is inescapable. While the single act of turning on of the faucet might have been the proximate cause of all the resultant injuries, the fact that it was on for a considerable period over a week end, causing first flooding, then seepage at separate intervals as it went from floor to floor, doing damage at each level of the building, indicates that a series of occurrences beyond foresight and expectation took place.
Finally, the question remaining to consider is defendant’s liability to its insured for the amounts paid in settlement and the legal fees incurred.
Defendant’s abdication of its duty to defend put plaintiff in a position where it had to choose between amicable settlements or face the possibility of larger judgments. It does not appear *1051 that such settlements were unreasonable or exorbitant. “ A sum paid in the prudent settlement of a suit is paid under the compulsion of the suit as truly as if it were paid upon execution” (Holmes, J., in St. Louis Beef Co. v. Casualty Co., 201 U. S. 173, 182). Had the carrier defended these actions as it was required to do, it might have met and determined the issues as to its duty to pay and the amounts. Having breached its obligation, it is liable to its insured for any reasonable expenditures flowing therefrom (Matter of Empire State Sur. Co., 214 N. Y. 553).
The motion for summary judgment is accordingly granted. If defendant desires a hearing to determine reasonable attorney’s fees it may provide for same in the order to be settled herein.