■ ALLIED GRAND DOLL MANUFACTURING CO., INC., Respondent-Appellant, v. GLOBE INDEMNITY COMPANY, Appellant-Respondent.—

The court properly found liability and therefore coverage within the terms of the policy. However, we are of the view that there was only one accident involved, and therefore recovery is limited to $5,000. Briefly stated, water flowed from a faucet in plaintiff's premises, which was either left or turned on over a week end, and seeped down into several other businesses on lower floors, causing damage. Claims were made and suits brought against plaintiff. Plaintiff, after giving proper notice to defendant, was obliged to and did defend the claims because of defendant's refusal to do so. The claims were settled for a total of $18,500. Under the policy of insurance, liability for each accident was limited to $5,000, and $25,000 for " aggregate operations." These were not separable events, but flowed from one continuous cause, a single fault, i.e., the leaving on of the faucet. The fact that areas of demarcation existed in the building premises for the several claimants against plaintiff is not dispositive of the issue. Had the physical partitions not existed and the flow of water been continuous and uninterrupted, as in the present case, it would be obvious that there was only a single accident. Diversion of the flow or its division into streamlets, so long as it remained continuous and not interrupted by other independent cause, will not change the nature of the occurrence. There was a single accident with separate consequences. This case may be distinguished from *Johnson Corp.* v. *Indemnity Ins. Co.* (6 A D 2d 97, affd. 7 N Y 2d 222). In that case it was not the rainstorm and flood which created the liability or determined the scope of the coverage; it was the several and separate acts done by the plaintiff in attempted fulfillment of certain duties which were inadequately done. As there pointed out, these distinct duties which were attempted to be met by separate acts created severable liabilities. Therefore, when the walls of the different buildings collapsed, it was held there was more than one accident. Such is not the case here. Accordingly, the matter is disposed of as heretofore indicated. Concur — Breitel, J. P., McNally, Stevens, Steuer and Bergan, JJ. [28 Misc 2d 1048.]