LEATHERMODE SPORTSWEAR, INC. *v.* LIBERTY MUTUAL INSURANCE COMPANY

BALDWIN, C. J., KING, MURPHY, SHEA and ALCORN, Js.

Argued October 2—decided November 6, 1962

*Edward F. Kunin,* for the appellant (plaintiff).

*Gregory C. Willis,* with whom, on the brief, was *Allan R. Johnson,* for the appellee (defendant).

ALCORN, J. The facts are not in dispute. The plaintiff, a manufacturer of ladies' sportswear, leased the fifth floor of a building owned by another corporation. The fourth floor of the building was neither leased to nor under the control of the plaintiff. An action to recover for damage allegedly caused by water seeping down from toilets which overflowed in the plaintiff's fifth-floor premises owing to the negligence of the plaintiff or its employees has been brought against the plaintiff by the owner of personal property which was stored on the fourth floor of the building. *Glenwear Corporation* v. *Leathermode Sportswear, Inc.,* Court of Common Pleas, Fairfield County, No. 71243. At the time the claimed damage occurred, a comprehensive general liability policy which had been issued by the defendant to the plaintiff was in force. By the pertinent portions of the policy, the defendant undertook "[t]o pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to

or destruction of property, including the loss of use thereof, caused by accident"; to "defend any suit against the insured alleging such injury . . . or destruction and seeking damages on account thereof, even if such suit is groundless, false or fraudulent"; and to "pay all expenses incurred by the company, all costs taxed against the insured in any such suit and all interest accruing after entry of judgment until the company has paid or tendered or deposited in court such part of such judgment as does not exceed the limit of the company's liability thereon." The defendant has refused to defend the action or to undertake to pay any judgment rendered therein, on the ground that it is relieved of liability by an exclusion clause in the policy, hereinafter discussed. The plaintiff, after the defendant's refusal to defend, brought the present action, seeking a declaratory judgment construing the provisions of the policy and determining whether the defendant is obligated thereunder to defend the action brought against the plaintiff and to satisfy, within the policy limits, any judgment rendered therein, with costs. Other relief claimed in the complaint is not now in issue. The trial court rendered judgment declaring, in effect, that the defendant was not liable under the policy, and the plaintiff has appealed.

The issue before us concerns the effect of the exclusion clause which the defendant claims relieves it of liability. That clause provides that, with respect to the property damage liability coverage quoted above, the policy does not apply "to any of the following insofar as any of them occur on or from premises owned by or rented to the named insured and injure or destroy buildings or property therein: (1) the discharge, leakage or overflow of water . . . from plumbing . . . ." In other words, does this ex-

clusion clause relieve the defendant from defending the plaintiff and paying any judgment, with the attendant costs and expenses, in the action claiming that water seeped from toilets on the plaintiff's premises and damaged property located on a lower floor which the plaintiff neither owned nor rented? The insurance policy issued by the defendant to the plaintiff is a contract which is to be enforced in accordance with the expressed intent of the parties. *Rathbun* v. *Aetna Casualty & Surety Co.*, 144 Conn. 165, 168, 128 A.2d 327; *Lyon* v. *Aetna Casualty & Surety Co.*, 140 Conn. 304, 307, 99 A.2d 141. This intent is to be determined by the provisions of the policy. *Downs* v. *National Casualty Co.*, 146 Conn. 490, 494, 152 A.2d 316. If the language used is plain and unambiguous, it must be given its natural and ordinary meaning. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, 143 Conn. 510, 513, 123 A.2d 755; *Raffel* v. *Travelers Indemnity Co.*, 141 Conn. 389, 392, 106 A.2d 716; *Porto* v. *Metropolitan Life Ins. Co.*, 120 Conn. 196, 200, 180 A. 289. The effect of the contract must be determined by the intent expressed in it and not by an extraneous intent which may be claimed or believed to have been in the minds of the parties. *Lyon* v. *Aetna Casualty & Surety Co.*, supra, 311; *Hansel* v. *Hartford-Connecticut Trust Co.*, 133 Conn. 181, 194, 49 A.2d 666. These rules of construction extend to an exclusion clause. *Smedley Co.* v. *Employers Mutual Liability Ins. Co.*, supra. Since the contract is to be construed as a whole, and all of its relevant provisions are to be considered in connection with each other; *Downs* v. *National Casualty Co.*, supra, 495; we observe that a paragraph immediately preceding the one primarily in issue excludes property damage liability coverage for "in-

jury to or destruction of . . . property owned or occupied by or rented to the insured."

The language in controversy is plain and unambiguous. It is quite apparent that the plaintiff intended to receive, and the defendant intended to afford it, a defined coverage against liability for accidental injury to or destruction of the property of others located outside the plaintiff's premises, but not for injury to or destruction of property owned, occupied or leased by the plaintiff. The contract expressly provides that it does not cover injury to property owned, occupied by or rented to the insured, and it does not cover injury to or destruction of property from the discharge, leakage or overflow of water from plumbing which occurs on or from the insured's own premises and injures or destroys property on the insured's premises. In the present case, the damage is claimed to have been done to property stored off the plaintiff's premises by water negligently allowed to seep from the plaintiff's premises. Consequently, the situation contemplated by the exclusion clause does not exist. Similar results have been reached in two recent cases in New York involving strikingly similar factual situations and exclusion clauses. *Allied Grand Doll Mfg. Co.* v. *Globe Indemnity Co.,* 28 Misc. 2d 1048, 215 N.Y.S.2d 945, modified, 15 App. Div. 2d 901, 225 N.Y.S.2d 595; *B & H Management Corporation* v. *Hardware Mutual Casualty Co.,* 9 App. Div. 2d 533, 196 N.Y.S.2d 452, aff'd, 9 N.Y.2d 674, 173 N.E.2d 234.

The plaintiff has assigned error in two rulings on evidence which we need not consider in view of our conclusion on the principal issue.

There is error, the judgment is set aside and the case is remanded with direction to render judgment

declaring that the defendant is obligated to assume the defense of the action brought against the plaintiff entitled *Glenwear Corporation* v. *Leathermode Incorporated,* Court of Common Pleas, Fairfield County, No. 71243, and to satisfy any judgment and costs therein, with interest thereon, within the limits of the policy issued by the defendant to the plaintiff.

In this opinion the other judges concurred.