EL-MEL REALTY CORP., Plaintiff, and MELVIN PICTURE FRAME Co., INC., Respondent, v. EMPIRE MUTUAL INSURANCE COMPANY, Appellant.

First Department, November 23, 1965.

*Philip Hoffer* of counsel (*Rose L. Hoffer* and *Peter T. Affatato* with him on the brief; *Raymond J. MacDonnell,* attorney), for appellant.

*Gilbert Goldstein* of counsel (*Lawrence Kovalsky* with him on the brief; *Goldstein & Goldstein,* attorneys), for respondent.

*Per Curiam.* Plaintiff has recovered a judgment against an insurance carrier pursuant to paragraph (b) of subdivision 1 of section 167 of the Insurance Law following a default judgment against the insured. The question in the case is whether the policy of insurance issued by defendant covered the loss which plaintiff sustained.

The insured was a tenant in a loft. There was a leakage of water from the insured's premises which caused damage to plaintiff's goods. These goods were located in premises beneath the insured's. The pertinent clause of the policy reads:

" This policy does not apply:

" (m) under coverage B, with respect to division 1 of the Definition of Hazards, and under coverage D, to any of the following insofar as any of them occur on or from premises owned by or rented to the named insured and injure or destroy buildings or property therein and are not due to fire: (1) the discharge, leakage or overflow of water ".

It is the contention of plaintiff that this exclusion refers only to property located in the insured's premises and does not apply to property located elsewhere. We take it as clear that the meaning of the words " on or from premises " is that a leakage emanating from the insured's premises and passing out from there is referred to. We find it impossible to believe that the policy would exclude water flowing out from the premises but only damage from such flow while the water was still in the premises. Nor can we envisage the usual business man who

would reach such a conclusion (*Morgan* v. *Greater N. Y. Tax-payers Mut. Ins. Assn.*, 305 N. Y. 243, 248; *Abrams* v. *Great Amer. Ins. Co.*, 269 N. Y. 90, 92). We are also of the belief that "buildings or property therein" refers to the property in the buildings into which the flow of water has passed. It would be a strained construction indeed which would hold that a clause which indisputably excludes damage to the building "or property therein" means property not in the excluded premises but only on the insured's premises. This interpretation is buttressed, if any support be needed, by the fact the prior excluding paragraph (l) excludes property in the insured's premises. An interpretation that paragraph (m) also refers to property so located would mean that the second paragraph was absolutely purposeless.

We would have no difficulty in so concluding were it not for the decision in *B & H Management Corp.* v. *Hardware Mut. Cas. Co.* (9 A D 2d 533, affd. 9 N Y 2d 674) wherein it was held that this language was ambiguous and so to be construed against the insurer. The affirmance of that decision would necessarily be binding upon us unless the Court of Appeals subsequently indicated a contrary result, or unless some factor influencing decision was called to our attention which was not relied on in the supposed precedent. We believe both such elements to be present.

Taking them in reverse order, an examination of the record in the *B & H Management* case reveals that it came before this court on an agreed statement of facts. Nowhere in the statement or elsewhere is there any mention of a clause corresponding to paragraph (l) in the policy now before us. If there was such a provision, it was not referred to. So that the clarifying effect of that paragraph which, in our opinion, removes any possible ambiguity, was never passed upon.

Secondly, in *Walters* v. *Great Amer. Ind. Co.* (12 N Y 2d 967) the court had before it a similar action. The exclusion clause there provided that the policy did not apply "(h) under coverage B, with respect to division 1 of the Definitions of Hazards, to injury to or destruction of buildings or contents thereof caused by", etc.

The difference between the two clauses is that in one the property excepted is described as "buildings or property therein" and in the other as "buildings or contents thereof." This would appear to be a difference without a distinction. In the *Walters* case no one contended that property off the insured's premises was not excluded. The claim was that the risk, water damage from industrial machinery, was not excluded.

All courts passing on the case held that if the risk causing the injury was excepted, there was no cause of action — thereby tacitly recognizing that the language used clearly included property off the premises of the insured in the exemption.

The constraint of the prior holding being thereby released, we find no ambiguity in the policy and that the exclusion clause bars recovery.

We have not overlooked the decision in *Allied Grand Doll Mfg. Co.* v. *Globe Ind. Co.* (28 Misc 2d 1048, mod. 15 A D 2d 901) referred to in the dissenting opinion herein. The complete wording of the exclusion clause does not appear and was obviously not considered in this court because the defendant, at least in this court, conceded coverage.

Judgment of the Appellate Term reversing judgment of the Civil Court should be reversed on the law, and judgment of the Civil Court reinstated, with costs and disbursements to appellant.

STEVENS, J. (dissenting). I find myself unable to agree with my brethren and am constrained to dissent upon the authority of *B & H Management Corp.* v. *Hardware Mut. Cas. Co.* (9 A D 2d 533, affd. 9 N Y 2d 674) and *Allied Grand Doll Mfg. Co.* v. *Globe Ind. Co.* (28 Misc 2d 1048, mod. 15 A D 2d 901). In the *Walters* case (*Walters* v. *Great Amer. Ind. Co.*, 12 N Y 2d 967) the policy clearly excluded damages " caused by the discharge, leakage or overflow of water or steam from * * * industrial or domestic appliances " (p. 968), and the leakage which caused the damage came from a hose which was a part of or connected to a Stereotex silver spray machine used in decedent's business. " Unquestionably ", as the court determined, " the loss here resulted from the flow of water from an ' industrial appliance ' " (p. 969). The clause in question in the policy before us is equally susceptible of the construction that it excludes property damages only in premises actually tenanted (i.e., occupied) by the insured, as that it excludes property in the building in which the insured is a tenant, but not physically in occupancy. " It is not enough that the construction contended for by the insurer defendant can be fairly made. The construction sought must be the only construction that can fairly be placed thereon." (*B & H Management Corp.* v. *Hardware Mut. Cas. Co.*, *supra*, p. 535.) " The argument that the term [of exclusion] refers to the entire building, including all those portions not rented or controlled by plaintiff, is a specious one and must be rejected " (*Allied Grand Doll Mfg. Co.* v. *Globe Ind. Co.*, *supra*, p. 1049).

RABIN, J. P., STEUER and STALEY, JJ., concur in *Per Curiam* opinion; STEVENS, J., dissents in opinion, in which VALENTE, J., concurs.

Determination of the Appellate Term reversing judgment of the Civil Court reversed, on the law, with $50 costs to the appellant, and judgment of the Civil Court reinstated.