Argued September 13, reversed December 14, 1972, petition for
rehearing denied January 4, 1973

JONES, *Appellant, v.* INSURANCE COMPANY OF
NORTH AMERICA, *Respondent.*

504 P2d 130

*Sam A. McKeen,* Klamath Falls, argued the cause and filed a brief for appellant.

*Hugh B. Collins,* Medford, argued the cause and filed a brief for respondent.

McALLISTER, J.

This is a declaratory judgment proceeding to determine whether a liability policy issued by defendant to plaintiff protects her against a certain property damage claim. The trial court sustained a demurrer to plaintiff's complaint and when plaintiff failed to plead further entered a decree declaring that the claim was not covered by the policy. Plaintiff appeals. We reverse.

Plaintiff alleged that she was the lessee of the Earley Hotel in Klamath Falls and that the Earley Hotel was located above and in the same building as LaPointe's Women's Store. While defendant's liability policy was in force LaPointe's Women's Store suffered water damage to its ceiling, carpets and merchandise as a result of accidental flooding in the Earley Hotel. LaPointe's demanded that plaintiff pay for the damage and plaintiff called upon defendant to protect her under the policy. Defendant denied coverage.

The complaint alleged that the liability coverage was provided by the following provision of the policy:

> "Coverage B—Property Damage Liability: To pay on behalf of the insured all sums which the insured shall become legally obligated to pay as damages because of injury to or destruction of property, including the loss of use thereof, caused by accident."

The complaint also alleged that the policy contained the following exclusion clause applying to Coverage B:

"Exclusion (j) Page 7, under Coverage B: To any of the following insofar as any of them occur on or from premises owned by or rented to the named insured and injure or destroy buildings or property therein: (1) The discharge, leakage or overflow of water or steam from plumbing, heating, * * *."

The sole issue in this case is whether plaintiff's liability for the damage to LaPointe's is excluded from coverage by the above provision.

This particular exclusion clause has been the subject of a series of New York cases. The first was *B & H Management Corp. v. Hardware Mutual Cas. Co.*, 9 AD2d 533, 196 NYS2d 452 (1960), in which a standpipe on the first floor of the insured's premises leaked, flooding the insured's basement and causing water damage to adjoining premises. The insurance company denied coverage under an exclusion clause which is identical, insofar as material, to that involved in this case. The Appellate Division held that property damage in a building adjoining the insured premises was not excluded from coverage by the exclusion clause.

"* * * The exclusion is limited to damage to property located in property rented or owned by the insured resulting from water damage because of leakage of 'standpipes'. * * *" 196 NYS2d at 454.

The court went on to say that even if the clause were susceptible of a construction that would make it applicable to property located on premises not owned or rented by the insured, nevertheless the insured must prevail under the rule requiring that ambiguous clauses be construed against the insurer. One justice

dissented, arguing that the word "therein" meant that the clause excluded injuries to buildings or property in such buildings, and was not limited to property located on the insured's premises. The Court of Appeals affirmed in a memorandum decision, 9 NY2d 674, 212 NYS2d 412, 173 NE2d 234 (1961).

The next case was *Allied Grand Doll Mfg. Co. v. Globe Indemnity Co.*, 28 Misc 2d 1048, 215 NYS2d 945 (1961) in which seepage from plaintiff's sixth floor premises caused water damage on lower floors. The insurer denied coverage, relying on an exclusion like that in the present case. The Supreme Court (Special Term) held water damage claims against plaintiff were not excluded from coverage:

> "* * * It is the insurer's contention that this excluded liability to plaintiff's co-tenants because they were tenants of the same premises. This construction of the policy, however, is exceedingly narrow and not within the plain meaning of the clause in question. The face of the policy itself defines the premises covered and clearly indicates that such premises are confined to the sixth floor area rented by the plaintiff. The argument that the term refers to the entire building, including all those portions not rented or controlled by plaintiff, is a specious one and must be rejected." 215 NYS2d at 946.

On appeal, the Appellate Division modified the decision on another point, but stated that the determination on coverage was correct. 15 AD2d 901, 225 NYS2d 595 (1962).

In *El-Mcl Realty Corp. v. Empire Mutual Ins. Co.*, 24 AD2d 141, 264 NYS2d 559 (1965) the insured was a tenant in a loft. Water leakage from his premises damaged goods belonging to a tenant of the floor below. Again the exclusion clause was identical in its

important particulars with the clause in question in this case. In *El-Mel,* however, the Appellate Division thought the damage was clearly excluded by the exclusion clause:

> "It is the contention of plaintiff that this exclusion refers only to property located in the insured's premises and does not apply to property located elsewhere. We take it as clear that the meaning of the words 'on or from premises' is that a leakage emanating from the insured's premises and passing out from there is referred to. We find it impossible to believe that the policy would exclude water flowing out from the premises but only damage from such flow while the water was still in the premises. Nor can we envisage the usual business man who would reach such a conclusion * * *. We are also of the belief that 'buildings or property therein' refers to the property in the buildings into which the flow of water has passed. It would be a strained construction indeed which would hold that a clause which indisputably excludes damage to the building 'or property therein' means property not in the excluded premises but only on the insured's premises. * * *" 264 NYS2d at 560.

The court distinguished *B & H Management Corp.,* supra, in which the Court of Appeals had affirmed the Appellate Division's holding that the exclusion clause excluded only damage to property rented or owned by the insured. After finding that the *B & H Management Corp.* case was not controlling the court held that the exclusion clause excluded coverage for damage to property outside the insured's premises. Two justices dissented on the grounds that the clause was ambiguous. 264 NYS2d 561-562. The Court of Appeals affirmed in a memorandum decision. 17 NY2d 901, 271 NYS2d 998, 218 NE2d 704 (1966). Two justices in that court also dissented on the ground that the clause was ambiguous.

The clause has also been considered by the Supreme Court of Connecticut. In *Leathermode Sportswear, Inc. v. Liberty Mut. Ins. Co.,* 150 Conn 63, 186 A2d 79 (1962) water leakage from plaintiff's fifth floor premises seeped down and caused damage to property on the fourth floor, belonging to other tenants. The clause in question was preceded by a clause excluding damage to property owned or occupied by or rented to the insured. The court held the damage was not within the exclusion:

> "The language in controversy is plain and unambiguous. It is quite apparent that the plaintiff intended to receive, and the defendant intended to afford it, a defined coverage against liability for accidental injury to or destruction of the property of others located outside the plaintiff's premises, but not for injury to or destruction of property owned, occupied or leased by the plaintiff. The contract expressly provides that it does not cover injury to property owned, occupied by or rented to the insured, and it does not cover injury to or destruction of property from the discharge, leakage or overflow of water from plumbing which occurs on or from the insured's own premises and injures or destroys property on the insured's premises. In the present case, the damage is claimed to have been done to property stored off the plaintiff's premises by water negligently allowed to seep from the plaintiff's premises. Consequently, the situation contemplated by the exclusion clause does not exist. * * *" 186 A2d at 81.

The court cited *B & H Management Corp.* and *Allied Grand Doll* in support of its holding.

■ As the above decisions indicate the exclusion clause is not a model of clarity. It applies to water leakage which occurs "on or from" the insured's premises which seems to mean that the policy does not

cover damage caused by water originating on the insured's premises and escaping elsewhere. The clause goes on, however, to provide that the water leakage excluded is that which injures or destroys "buildings or property therein." The disagreement is about the antecedent of "therein." Plaintiff contends that "therein" refers to property rented to or owned by the insured and she is supported by the *B & H Management, Allied Grand Doll,* and *Leathermode Sportswear* cases. Defendant contends that "therein" refers to the premises where the water has flowed, whether those premises are rented to or owned by the insured or by others. This construction has the support of the *El-Mel* case and of the dissent in the Appellate Division in *B & H Management.* Defendant's proposed construction gives full meaning to the reference to water leakage *"from* premises owned by or rented to the named insured." (Emphasis supplied.) Since plaintiff pleaded only the portions of the policy quoted earlier in this opinion we do not know what the rest of the exclusion clause says and cannot tell as defendant argues whether the words "or from" are rendered meaningless by plaintiff's construction.

■ The differing results reached by the courts and the disagreement among the judges of those courts which have considered this clause are strong indications that it contains a real ambiguity.① The exclusion clause could be construed as defendant contends—to

① We have recognized in previous cases that conflicting judicial decisions as to the proper construction of a clause in an insurance policy are evidence, although not necessarily conclusive, that the clause is ambiguous. Cimarron Ins. Co. v. Travelers Ins. Co., 224 Or 57, 65-67, 355 P2d 742 (1960); I-L Logging Co. v. Mfrs. & Whlse. Ind. Exc., 202 Or 277, 313-317, 273 P2d 212, 275 P2d 226 (1954); Purcell v. Wash. Fid. Nat. Ins. Co., 146 Or 475, 486-487, 30 P2d 742 (1934). See 13 Appleman, Insurance Law and Practice 105, § 7404.

exclude coverage in this case. If we had to construe the clause we would favor the construction adopted by the trial court and the court in the *El-Mel* case. The clause can, however, be construed to refer back to "premises owned by or rented to the named insured." Since defendant could easily have avoided the ambiguity we hold that the exclusion clause must be construed against the insurer. As we said in *Growers Refrig. Co. v. Amer. Mtr. Ins.*, 260 Or 207, 215, 488 P2d 1358 (1971):

> "* * * in the event of an ambiguity in the terms of an insurance policy, any reasonable doubt will be resolved against the insurance company and in favor of extending coverage to the insured. * * *"

See, also, *Hardware Mut. Cas. v. Farmers Ins.*, 256 Or 599, and cases cited at 609, 474 P2d 316 (1970).

The case is reversed and remanded with instructions to overrule the demurrer, and for further proceedings in accordance with this opinion.