Argued July 8, modified and remanded with instructions
October 16, petition for rehearing denied November 18, 1975

UNITED PACIFIC INSURANCE COMPANY,
*Respondent, v.* TRUCK INSURANCE
EXCHANGE, *Appellant.*

541 P2d 448

*Sam F. Speerstra,* Salem, argued the cause for appellant. With him on the briefs were Rhoten, Rhoten & Speerstra and Keith J. Bauer.

*John C. Sihler,* Eugene, argued the cause for respondent. With him on the brief were Darst B. Atherly and Thwing, Atherly & Butler.

Before McAllister, Presiding Justice, and Denecke, Holman,* Tongue, Howell, and Bryson, Justices.

McALLISTER, J.

This is an action for common law indemnity brought by United Pacific Insurance Company as plaintiff against Truck Insurance Exchange as defendant. The court found for plaintiff and defendant appeals.

---

* Holman, J., did not participate in the decision of this case.

The facts are complicated, but for the most part were stipulated. It appears that Donald B. Stockton, doing business as Stockton Lime Company, had a contract to haul mercury mine tailings from Cottage Grove to Portland. Stockton was operating under a permit issued to him by the Public Utility Commissioner. Stockton was insured by plaintiff United Pacific, which, as required by law, had filed with the PUC a Certificate of Insurance.

Sometime in July, 1969, Stockton leased from Ernest Leon vehicles for use in his hauling operation, including a tractor unidentified in the record and a 1968 Triway trailer. United Pacific admits that both vehicles were leased by Leon to its insured Stockton pursuant to PUC regulations.

On August 12, 1969, the tractor-trailer combination, while being driven by Lloyd Wright, collided with a vehicle driven by James Michael Reaume in Linn County. Reaume had been traveling west on Highway 228 and Wright was traveling south on Highway 99E. Both vehicles arrived at the intersection of the two highways at about the same time, and both stopped. The collision occurred when Wright made a left turn onto Highway 228 and the trailer portion of his rig struck Reaume's automobile, which was still stopped. Reaume was severely injured. The plaintiff and the defendant in this case have agreed that the accident was caused by Wright's negligence.

Reaume sued Stockton, Leon and Wright for damages on account of his personal injuries, and Mrs. Reaume filed a companion action aginst the same defendants for loss of consortium. United Pacific defended Stockton. Truck Insurance denied that it insured Leon

and Wright, but defended them both under a standard reservation of rights agreement. Both actions were settled for $45,000, of which United Pacific paid $35,-000 and Truck Insurance paid $10,000.

Plaintiff United Pacific is subrogated to the rights of its insured Stockton. It contends that Stockton was vicariously liable for his employee Wright's negligence based on the doctrine of respondeat superior and that it therefore has a common law right of indemnity against Wright. The parties agreed that United Pacific might sue Truck Insurance direct and litigate in this action Wright's liability to Stockton instead of requiring United Pacific to establish Wright's liability to Stockton in a preliminary action.

United Pacific further contends (a) that Wright was covered by insurance issued by Truck Insurance to Leon and (b) was not covered by United Pacific's policy issued to Stockton.

Truck Insurance contends that it did not cover Leon at the time of the accident. In the alternative, Truck Insurance argues that even if the court found that it insured Leon there would be no common law right of indemnity, either because its policy excluded Wright from coverage or because United Pacific is only contending that the trailer was covered by Truck Insurance's policy and the negligence of the trailer was passive. Truck Insurance further contends that if the court finds it had coverage at the time of the accident, United Pacific also had coverage in force and the two policies contain repugnant "other insurance" clauses requiring equal apportionment of the loss under Oregon law.

The case was tried without a jury, and the court found for the plaintiff. Judgment was entered in plaintiff's favor for $35,000, the full amount prayed for. The effect of this judgment was to require Truck In-

surance to pay the entire $45,000 paid in settlement of the Reaume claims.

The first issue is whether there was sufficient evidence to support a finding by the trial court that Truck Insurance had liability insurance in force covering Leon's Triway trailer on the day of the accident.

United Pacific does not contend that Truck Insurance had coverage on Leon's *tractor* under lease to Stockton and involved in this accident. It does contend that Truck Insurance had liability coverage on the trailer which struck Reaume's automobile, and as a result Truck Insurance is liable for the full amount paid in settlement of Reaume's claim.

We will summarize some of the evidence tending to prove that Truck Insurance had coverage on Leon's Triway trailer at the time of the accident. Don Brooks was Truck Insurance's agent at Albany. He testified that in July, 1969, Leon asked him about obtaining a comprehensive liability policy for his trucking business. Leon gave Brooks a list of the vehicles he wanted covered, and Brooks asked Leon for $400 as a down payment on the policy. At this first interview Leon gave Brooks a check for $142 to apply on the down payment, which check was held by Brooks. The $400 was paid by Leon in instalments of $100 each, with the final $100 paid on September 15, 1969, at which time Leon's $142 check was returned to him. An insurance application, dated September 15, was signed by Leon and a policy dated September 15 was issued pursuant to his application.

In the meantime, Milo F. Gubrud, an equipment dealer in Goshen, had sold the Triway trailer to Leon under a conditional sales contract dated August 7, 1969. Gubrud asked Leon for evidence that Leon had collision and upset insurance that would cover any damage to the trailer. Leon told Gubrud that he had arranged

for insurance with the Don Brooks' Agency. Gubrud called Brooks' office on August 7th to verify that the trailer was covered. Gubrud was assured by "a man" in Brooks' office that Leon had arranged for insurance.

Gubrud later received in the mail a "binder" dated August 4, 1969. The binder was on an "Application for Automobile Insurance" form listing Ernest Leon as the applicant. The coverage and limits of liability included $100,000/300,000 bodily injury liability, $50,000 property damage liability, and collision or upset for actual cash value less a $500 deductible. The application listed as the vehicles insured the Triway trailer and another trailer not involved in this case. Milo F. Gubrud was listed under the caption of "Mortgagees, Additional Insured's or Certificate Holders". The word "Binder" was written by Brooks at the bottom on the left side of the form, and the form was signed at the bottom on the right side by Don Brooks, where the signature of the applicant would normally appear. Don Brooks testified that this binder was in the form regularly used by him.

■ There was considerable additional evidence tending to prove that Truck Insurance had issued a valid binder covering the Triway trailer effective August 4th. It is not necessary to relate all of that additional evidence in this opinion. It is sufficient to say that viewing the evidence in the light most favorable to the plaintiff there was ample evidence to support the finding of the trial court that a binder effective August 4, 1969, was issued by defendant's agent Don Brooks, who testified that he had authority to execute such binders.

■■ A binder ordinarily evidences a contract for temporary insurance until such time as issuance of permanent insurance is approved or disapproved or some

other temporary impediment is removed. 1 Couch on Insurance 2d § 14:26 (1959); Annotation, Temporary Automobile Insurance, 12 ALR3d 1304, 1307 (1967); 43 Am Jur 2d, Insurance § 216. Oregon authorizes binders in ORS 743.075(1):

> "Binders or other contracts for temporary insurance may be made orally or in writing, and shall be deemed to include all the usual terms of the policy as to which the binder was given together with such applicable indorsements as are designated in the binder, except as superseded by the clear and express terms of the binder."

A binder need not contain all the necessary elements of an insurance contract so long as the protection for which the parties contracted can be determined. Couch, supra, § 14:30. A binder need not express any consideration or state the premium because the agreement, express or implied, to pay the regular insurance premium is sufficient consideration. Couch, supra, § 14:29; 12 ALR3d, supra at 1318.

■ The binder in the present case listed the parties to the agreement, indicated the type of coverage and limits of liability, and described the Triway trailer in which Milo Gubrud had a security interest. The binder was effective on its face from August 4, 1969. The protection for which the parties contracted can easily be determined by looking at the policy issued by defendant to Leon pursuant to the application which was dated September 15, 1969.

The plaintiff United Pacific contends that the coverage of Leon's trailer by defendant Truck Insurance extended to the driver, Lloyd Wright, and that United Pacific has a common law right of indemnity against Wright covered by Truck Insurance's policy.

Although Wright was carried on Leon's payroll as his employee, United Pacific has alleged in its com-

plaint that pursuant to the PUC regulations① in effect at the time of the accident on August 12, 1969, the driver, Wright, "was as to the plaintiff's insured [Stockton Lime] as employee to employer and was acting within the course and scope of his employment."

---

① The PUC regulations, insofar as pertinent here, read as follows:

"35-140 LEASES OF VEHICLES. (1) No vehicle held under lease will be approved for operation until a copy of such lease is approved by the Commissioner.

"(2) All leases must contain: * * *

"(c) Provision that the sole possession, responsibility and control of each vehicle for the entire term of the lease is to reside with the permittee;

"(d) Provision that the vehicle will at all times be operated subject to the exclusive direction and supervision of the permittee;

"(e) If the owner or an employee, agent or servant of the owner of the vehicle is engaged by the permittee to operate the vehicle, provisions of the lease shall comply with subparagraph (8) of this Rule;

* * * * *

"(g) Provision that the permittee assumes full responsibility for compliance with these rules, the Code and all other laws applicable to the operation of motor vehicles in Oregon;

* * * * *

"(8) (a) If the owner or an employee, agent or servant of the owner of a vehicle is engaged by the permittee to operate the vehicle or if a person who leases, rents or otherwise provides a vehicle for the use of others also provides, procures or arranges for, directly, indirectly or by course of dealing a driver or operator thereof, such lease, in addition to other requirements of this Rule, must contain:

"(A) A provision that during the period of the lease said driver shall be to the lessee as servant to master or employee to employer and shall be paid by the lessee; and when the driver is other than the lessor, no portion of the compensation of said driver shall directly or indirectly inure to the benefit of the lessor.

"(B) A provision that the lessee is to be given complete control over the operation of the vehicle and is to be responsible for cost or expense of depreciation, insurance, fuel, maintenance, repairs and living costs of driver necessitated by being away from home site, and * * *."

The parties agree that Stockton was liable for the negligence of Wright in operating the tractor-trailer solely under the doctrine of respondeat superior.

■■ The doctrine of respondent superior makes an employer vicariously liable for the torts of his employee committed within the regular course of his employment. *Madron v. Thomson,* 245 Or 513, 521, 419 P2d 611, 423 P2d 496, 27 ALR3d 953 (1967); *Eckleberry v. Kaiser Foundation et al,* 226 Or 616, 627-628, 359 P2d 1090, 84 ALR2d 1327 (1961). A vicariously liable employer has a right to indemnity from the negligent employee. *Fireman's Fund Am. Ins. Cos. v. Turner,* 260 Or 30, 41, 488 P2d 429, 53 ALR3d 620 (1971). The plaintiff, as insurer of the employer, Stockton, contributed $35,000 to the $45,000 paid in settlement of the cases filed because of the employee's negligence. Plaintiff United Pacific is subrogated to Stockton's claim against Wright, the negligent employee. *Fireman's Fund,* supra at 42.

Defendant Truck Insurance contends that even if its policy was in force as to the trailer on the day of the accident, there was no coverage of Wright both because its policy excluded coverage in this factual situation and because the negligence of the trailer was passive.

■ We pause to say that there is no merit in the argument that as between the tractor and the trailer the negligence of the tractor was active and the negligence of the trailer was passive. Tractors and trailers are not negligent—drivers are negligent. Tort concepts of negligence do not apply to inanimate objects. Wright, as the driver of the combined tractor and trailer was liable for damages caused by his negligence regardless of which part of the rig collided with the Reaume vehicle.

■ Truck Insurance claims that its policy excludes

from coverage a trailer used with a motor vehicle not insured by defendant.[2] This is a misconstruction of the language quoted. That language clearly refers to a motor vehicle owned or hired by a person or organization other than the named insured. In the present factual situation Leon is the named insured, Leon owns both the tractor and trailer, and Wright was operating both with Leon's permission. There is no reason to interpret the policy to mean that a trailer owned by the named insured Leon and insured by the defendant Truck Insurance should be excluded from coverage because it was being used with a tractor owned by the named insured Leon and which may or may not have been covered by Truck Insurance's policy.

■ The rule of construction as to insurance policies in Oregon is that provisions, particularly exclusion clauses, must be strictly construed against the insurer. "* * * [I]n the event of an ambiguity in the terms of an insurance policy, any reasonable doubt will be resolved against the insurance company and in favor of extending coverage to the insured." *Growers Refrig. Co. v. Amer. Mtr. Ins.,* 260 Or 207, 215, 488 P2d 1358 (1971). See, also, *Baker v. Unigard Ins. Co.,* 269 Or 204, 523 P2d 1257, 1261 (1974); *Jones v. Ins. Co. of North Am.,* 264 Or 276, 283, 504 P2d 130 (1973); *Hardware Mut. Cas. v. Farmers Ins. Exch.,* 256 Or 599, 608-609, 474 P2d 316 (1970).

■ The second critical issue on appeal is whether

---

[2] "III. PERSONS INSURED

\* \* \* \* \*

"None of the following is an insured:

\* \* \* \* \*

"(iv) any person or organization, other than the named insured, with respect to:

\* \* \* \* \*

"(B) a trailer while used with any motor vehicle owned or hired by such person or organization and not covered by like insurance in the Company; \* \* \*."

Wright at the time of the collision was covered by United Pacific's policy. We recognize that United Pacific's policy covering Stockton could have been written so as to exclude coverage to the driver Wright. We conclude that it was not so written.

Plaintiff's policy defines insureds as follows:
"DEFINITIONS
"As Used in This Policy:
\* \* \* \* \*
"(d) 'insured' means the named insured, his spouse if a resident in the same household, and:
"(1) with respect to automobile hazards— (i) any person while using an owned automobile or a hired automobile \* \* \* provided the actual use of the automobile is by the named insured or with his permission and within the scope of such permission \* \* \*."

Plaintiff concedes that under the provisions quoted above Wright would be an insured under plaintiff's policy and entitled to the coverage thereof. In its brief plaintiff stated, referring to the above language:
"\* \* \* Category (i) includes persons using either an owned automobile or a hired automobile with the permission of the named insured. If that were all, then Wright would be covered. \* \* \*"

Plaintiff contends, however, that after providing coverage for Wright in the provisions quoted above, Wright was excluded from coverage by an exception reading as follows:
"\* \* \* except that the insurance extended by parts (i) through (v) with respect to any person or organization other than the named insured \* \* \* does not apply \* \* \* (d) with respect to any hired automobile, to the owner, or a lessee thereof, or to any agent or employee of such owner or lessee, \* \* \*."

█ Plaintiff argues that Stockton is the lessee as that term is used in exclusion (d) and that Wright is

excluded as an agent or employee of the lessee. We believe plaintiff has misconstrued exclusion (d). Plaintiff's construction, as plaintiff concedes in its brief, would exclude Stockton, the named insured, from the protection of his own policy as to any automobiles leased by him. Plaintiff attempts to extricate Stockton from this precarious position by stating that:

> "* * * While Stockton is the lessee, this exclusion only applies to coverage afforded by the automobile hazard; as named insured, he is independently covered without being dependent upon the automobile hazard coverage".

We believe, on the contrary, that since we are dealing in this case only with "automobile hazards" we think Stockton must rely on the same provisions with respect to automobile hazards as other insureds.

■ We think that a "lessee" as that phrase is used in exclusion (d) must stand in the same relationship to the named insured as an owner of a hired automobile. We think the word "lessee" was used to describe one who leases an automobile and, in turn, re-leases it to the named insured. It could make no possible difference whether the hired automobile was leased from the owner or from one who had the right to "hire" the automobile to the named insured. It would be strange indeed to construe exclusion (d) to first exclude coverage as to Stockton because he was the lessee of the hired automobile and to then exclude coverage to Wright as Stockton's employee.

In any event, plaintiff's tortured construction of exclusion (d) can only result in a gross ambiguity and, as we have pointed out above, any ambiguity must be construed against the insurer.

We hold that exclusion (d) does not operate to take from Wright the protection of the policy clearly provided him by paragraph (i). It follows that Wright

was covered by the United Pacific policy issued to Stockton.

The final issue is whether the loss should be apportioned between United Pacific and Truck Insurance.

Plaintiff alleged in its complaint that the applicable limits of the coverage under the respective policies of plaintiff and defendant were equal and that each contained "other insurance" clauses which, in combination, are repugnant. Defendant denied this allegation in its answer but admits this on appeal.

■ The rule in Oregon is that where two insurers insure the same person liable for the damages they will be required to prorate the damage award if the "other insurance" clauses of the two policies are repugnant. *Lamb-Weston, Inc. v. Oregon Auto Ins. Co.,* 219 Or 110, 129, 341 P2d 110, 346 P2d 643, 76 ALR2d 485 (1959). In order for the *Lamb-Weston* rule to apply, "* * * it must be alleged and proved that each insurer provide coverage for the person liable." *Fireman's Fund,* supra at 43-44.

Both parties admit that the "other insurance" clauses of their respective policies are repugnant. Both parties have agreed that the amount of coverage under the respective policies were equal. We conclude that the damages paid in settlement of the Reaume cases should be apportioned equally between the parties.

The total loss was $45,000, making the pro rata share of each company $22,500. United Pacific paid $35,000, while Truck Insurance paid only $10,000. It follows that United Pacific is entitled to a contribution of $12,500 from Truck Insurance.

This case is remanded to the trial court to enter a judgment consistent with this opinion. Since Truck Insurance is the prevailing party in this court it is entitled to its costs.