STANFORD, *Appellant,*
*v.*
AMERICAN GUARANTY LIFE INSURANCE
COMPANY, *Respondent.*
(No. 416-735, SC 25081)
571 P2d 909

Donald J. Friedman, Portland, argued the cause for appellant. On the briefs were Terry DeSylvia and Black, Kendall, Tremaine, Booth & Higgins, Portland.

Gerald R. Pullen, Portland, argued the cause for respondent. With him on the brief were Lachman & Henninger, P.C., Portland.

Before Denecke, Chief Justice, Tongue, Howell, Justices, and Gillette, Justice Pro Tempore.

DENECKE, C. J.

**DENECKE, C. J.**

Plaintiff appeals from a decision denying him benefits under a credit-disability insurance policy issued by the defendant. The trial was had before the court sitting without a jury which found that plaintiff's disability came within a policy exclusion. Plaintiff asserts on appeal that there was no evidence to support the finding that he was within the exclusion. We agree and reverse.

Plaintiff voluntarily purchased the insurance policy on February 12, 1973, in connection with the purchase of an automobile. The policy provided that the insurer would make the payments on the automobile in the event that plaintiff became disabled.

The exclusion clause provided:

> "The Company shall have no liability for payment of Disability Insurance Benefits by reason of any disability * * * caused or contributed to by: (1) Any condition for which medical advice, consultation or treatment was required or recommended within 6 months preceding the Effective Date and for which medical advice, consultation or treatment was required or recommended within 6 months following the Effective Date; * * *."

It was conceded at oral argument that this exclusion is applicable only if advice, consultation or treatment was required or recommended within both the six-month period preceding and the six-month period following the effective date of the policy. The only controversy concerns the period following issuance of the policy.

The insurer has the burden of proof that the loss is excluded. *Smith v. Ind. Hosp. Assn.,* 194 Or 525, 242 P2d 592 (1952). Also, any ambiguity in an exclusionary clause is strictly construed against the insurer. *United Pac. Ins. v. Truck Ins. Exch.,* 273 Or 283, 293, 541 P2d 448 (1975).

The trial court made the following findings of fact:

"VIII

"That thereafter [following vascular surgery in 1970 and 1971] Dr. Richard Rogers recommended and prescribed and Plaintiff agreed and submitted to post operative care under Dr. Rogers, for Plaintiff's vascular condition. That said post operative care for Plaintiff's vascular condition was in effect within six months prior to the effective date of the policy (February 12, 1973) and within six months following the effective date of the policy.

"* * * * *.

"XI

"That medical advice, consultation or treatment was required or recommended to Plaintiff during the six months following the effective date of the policy for the conditions for which Plaintiff received medical consultation from his doctors during the six months period prior to the effective date of the policy.

"XII

"Plaintiff received medical advice, consultation or treatment which was required or recommended by his doctors within six months following the effective date of the policy for the aforestated conditions for which medical advice, consultation or treatment was required or recommended within six months preceding the effective date of the policy."

Although the court found plaintiff to be disabled, it did not specify the condition or conditions which rendered him disabled. There was evidence in the record from which the court could reasonably have concluded that plaintiff's disability was contributed to by circulatory problems related to plaintiff's vascular surgery which left plaintiff with inadequate circulation in his legs, palpitations of the heart, flu and accompanying prostate infections, hypertension, pulmonary emphysema, chronic bronchitis, and arteriosclerotic coronary disease with angina pectoris. However, the mere fact that any or all of the above

[ 528 ]

conditions existed during both of the relevant six-month periods does not exclude plaintiff from coverage if medical advice, consultation and treatment was neither required nor recommended during both of the periods.

Dr. Richard Rogers saw plaintiff within the six months preceding the date of the policy. This was to enable the doctor to observe Plaintiff's recovery from surgery. There was no evidence that Dr. Rogers saw plaintiff again until a date more than six months after the effective date of the policy.

There was evidence that Dr. Rogers had asked the plaintiff to return every six months for such post-operative observation. At oral argument defendant made the suggestion that even if plaintiff did not see Dr. Rogers for his next six-month checkup, which would have fallen within the six months after the date of the policy, consultation, advice or treatment was required by the doctor during that period because the doctor had requested a checkup during that period.

■ We conclude this interpretation of the exclusion clause is incorrect. "Required" means that the policy-holder found it necessary to receive medical advice, etc., for the particular pre-existing condition during the six months following the effective date of the policy. Correspondingly, "recommended" means that the policyholder was told by a physician (whom, presumably, he had consulted on an unrelated matter) to seek medical advice, etc., for the particular pre-existing condition during the six months following the effective date of the policy. It is not sufficient if plaintiff was told before the six-month period following the effective date that he should have medical advice, etc., during the six-month period following the date.

■ Defendant's primary contention is that coverage is excluded because plaintiff was treated by Dr. Gray during the six months following the date of the policy.

[ 529 ]

We will assume the trial court could find Dr. Gray treated plaintiff during this period for a condition which eventually disabled plaintiff. Such findings, however, would not necessarily exclude plaintiff. Defendant does not contest that the exclusion clause provides that plaintiff received medical advice, etc., for the *same* condition during both the six months before and after the date of the policy.

Dr. Rogers consulted with plaintiff in the six months before about the vascular surgery and probably about circulatory problems generally. Dr. Gray in the past had treated plaintiff for a variety of ailments. No inference can be drawn that in the following six months Dr. Gray gave plaintiff medical advice, etc., about his surgery or circulatory problems. Therefore, the trial court's findings are not supported by the evidence and the case must be reversed.

We will not, however, order judgment for the plaintiff but are remanding the case. At the close of the plaintiff's case, without giving the defendant an opportunity to indicate whether it intended to put on more evidence and without any motion by the defendant, the trial court ruled for the defendant. The defendant had called Dr. Rogers out of order, before plaintiff's case had been completed. Whether defendant would have offered any evidence if the trial court had not held for it is unknown.

■ The defendant did not make any request to put on further testimony. We are of the opinion, however, that this is not necessary when the trial court, without any motion, decides for the party at the close of plaintiff's case.

Reversed and remanded with leave to the defendant to put on additional evidence, the trial court to decide the matter upon the evidence already received and any additional evidence introduced.