637 So.2d 335 (1994)
Joan WILCOX, Appellant,
v.
Michael Ward STOUT and Albert Field, Appellees.
No. 93-02476.
District Court of Appeal of Florida, Second District.
May 25, 1994.
*336 Robert H. Dillinger, St. Petersburg, for appellant.
Edward D. Foreman of Law Offices of Edward D. Foreman, P.A., St. Petersburg, for appellee Michael Ward Stout.
Paul Castagliola of Riden, Earle & Kiefner, P.A., St. Petersburg, for appellee Albert Field.
CAMPBELL, Acting Chief Judge.
Appellant, Joan Wilcox, appeals the order dismissing her complaint against appellees Michael Ward Stout and Albert Field with prejudice for lack of personal jurisdiction. We reverse because, in alleging that appellees conspired to commit tortious acts in Florida, appellant brought appellees within the court's long-arm jurisdiction.
Appellant filed her complaint against A. Reynolds Morse, a resident of Pinellas County, Florida, and appellees Stout and Field, both residents of New York. Appellant alleged that Morse, Stout and Field conspired together and knowingly and willfully acted in concert to tortiously interfere with appellant's business relationships in the art field, including the authentication and sale of Salvador Dali art work. Appellant alleged that Morse committed tortious acts in furtherance of the alleged conspiracy within the state of Florida.
Appellees filed defensive motions with supporting affidavits to show they were not personally subject to the jurisdiction of the courts of Florida. They successfully demonstrated that they were not residents of Florida, did not maintain an office in Florida and did not regularly engage in any business or business venture in Florida. Appellees did not, however, successfully negate appellant's allegations that they engaged in a conspiracy with Morse and that Morse, in furtherance of that conspiracy, committed tortious acts within the state of Florida. The trial judge found, for the purposes of appellees' motions and based upon their acknowledgment of those purposes, that appellant had successfully alleged a conspiracy between appellees and Morse and that Morse, a principal in the alleged conspiracy, had allegedly committed tortious acts in Florida. Regardless of that finding based upon appellees' concession, appellees were dismissed from appellant's action solely on the trial judge's finding that they had not personally committed acts within the state of Florida to bring them within the terms of Florida's long-arm jurisdiction statute, section 48.193, Florida Statutes (1991). In this, we conclude the court erred.
Section 48.193 provides as follows:
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
.....
(b) Committing a tortious act within this state.
Florida recognizes that civil conspiracies may exist as an independent tort. Snipes v. West Flagler Kennel Club, Inc., 105 So.2d 164 (Fla. 1958). Florida also recognizes a cause of action for the tortious interference with an advantageous business relationship. Martin v. Marlin, 529 So.2d 1174 (Fla. 3d DCA 1988), rev. denied, 539 So.2d 475 (Fla. 1988).
Appellant sought to allege a conspiracy among appellees and Morse to tortiously interfere with her business relationships. The trial judge found that the complaint should not be dismissed for failure to state a cause *337 of action. Neither have the appellees successfully sought relief by way of summary judgment. Their dismissal was solely on the basis of lack of personal jurisdiction. We conclude that if appellant has successfully alleged a cause of action for conspiracy among appellees and Morse to commit tortious acts toward appellant, and if she has successfully alleged that any member of that conspiracy committed tortious acts in Florida in furtherance of that conspiracy, then all of the conspirators are subject to the jurisdiction of the state of Florida through its long-arm statute, section 48.193, which provides that any person, whether or not a resident of Florida, who personally or through an agent, commits a tortious act within Florida submits to the personal jurisdiction of the courts of Florida for any cause of action arising out of the tortious act committed in Florida. Where a civil conspiracy to commit tortious acts has been successfully alleged, and some of those acts are alleged to have been accomplished within the state of Florida, we have no hesitancy in applying the well-accepted rules applicable to the liability of co-conspirators in the criminal context. Those rules make every act and declaration of each member of the conspiracy the act and declaration of them all. Additionally, each conspirator is liable for and bound by the act and declaration of each and all of the conspirators done or made in furtherance of the conspiracy even if not present at the time. Honchell v. State, 257 So.2d 889 (Fla. 1971); Farnell v. State, 214 So.2d 753 (Fla. 2d DCA 1968); Martinez v. State, 413 So.2d 429 (Fla. 3d DCA 1982). We conclude that the well-established rules of criminal conspiracy comport with our application of section 48.193 in this case.
Reversed and remanded.
PARKER and LAZZARA, JJ., concur.