Argued and submitted November 29, 1993, affirmed July 6, 1994

Ronald C. STEERS,
*Appellant,*

*v.*

RESCUE 3, INC.,
dba Rescue Training;
Rescue 3 International, Inc.,
dba Rescue Training and dba Rescue 3 International;
J. Michael Turnbull, individually, and
dba Rescue Training and dba Rescue 3 International;
Phillip R. Turnbull, individually and
dba Rescue Training and dba Rescue 3 International;
Rick Devenney; John Does 1-15; Rescue 3,
*Defendants,*

*and*

James F. SEGERSTROM,
*Respondent.*

(92-CV-0049; CA A78791)

877 P2d 654

Keven Keaney argued the cause for appellant. With him on the brief was Pozzi, Wilson, Atchison, O'Leary & Conboy. With him on the reply brief was Pozzi Wilson & Atchison.

Roger J. Leo argued the cause for respondent. With him on the brief was Leo & Horton.

Before Deits, Presiding Judge, and Riggs and Haselton,* Judges.

DEITS, P. J.

---

* Haselton, J., *vice* Durham, J.

## DEITS, P. J.

Plaintiff appeals from the judgment entered pursuant to ORCP 67B, dismissing his action against defendant Segerstrom for lack of personal jurisdiction. We affirm.

Plaintiff, then a resident of Alberta, Canada, was injured in Alberta while taking water rescue training from defendant Devenney. Devenney was the agent of defendant Rescue 3, which was then a California-based business owned by Segerstrom. At all material times, Segerstrom has been a resident of California. After plaintiff was injured, and for reasons unrelated to the injury, Segerstrom sold his controlling interest in Rescue 3 to defendant J. Michael Turnbull, but retained a minority interest in it. Rescue 3 was subsequently incorporated in Oregon. As part of the sale of the business, Segerstrom agreed to indemnify and defend the buyer from claims and lawsuits that arguably might include this one.

■ Approximately two years after plaintiff's injury, and more than one year after Segerstrom's sale of the business, plaintiff brought this Oregon action, as well as two other actions in other jurisdictions. He first assigns error to the trial court's order allowing Segerstrom's motion to dismiss for lack of personal jurisdiction. Plaintiff relies on ORCP 4L. The trial court did not err. Plaintiff's claim against Segerstrom "does not arise out of or relate" to *any* activities by the latter in Oregon. *State ex rel Circus Circus Reno, Inc. v. Pope,* 317 Or 151, 161, 854 P2d 461 (1993).

Plaintiff is not aided by his reliance on the indemnity agreement. Although he appears to acknowledge that the agreement does not run in favor of persons making claims or bringing lawsuits, plaintiff asserts that, *by entering into the agreement*, Segerstrom accrued the necessary contacts with Oregon to provide jurisdiction here. Plaintiff says that Segerstrom

"thus purposefully availed himself of acting in or caused an important consequence in Oregon. Segerstrom foresaw—or reasonably should have foreseen—that his agreement to defend the Oregon corporation might result in his being required to come to Oregon to defend the Oregon corporation from liabilities for which he, Segerstrom, remains responsible. * * *

"Stated differently, the sale contemplated Segerstrom's future contact with and presence in Oregon to defend liabilities — such as the liability for which this action is brought — arising from Segerstrom's ownership of Rescue 3. That contact is 'substantively relevant' because Segerstrom is himself liable for the negligence resulting in injury to plaintiff." (Citations omitted.)

We do not agree that an agreement to indemnify and defend — at least if made before the indemnitor or the indemnified party had any Oregon connections — can be sufficient in itself to establish jurisdiction over the out-of-state indemnitor in an action by a plaintiff who is a stranger to the contract. The alleged fact that Segerstrom is personally liable is similarly irrelevant; it relates to the merits of the action, but has nothing to do with jurisdiction. Likewise, Segerstrom's ownership of Rescue 3 at the time of the injury may be relevant to liability, but it is not relevant to whether an Oregon court has jurisdiction over a California resident who is not *now* the owner of the business, and *never* was while it was situated in the state.

Plaintiff's second assignment challenges the court's denial of his motion for a continuance to enable him to conduct further discovery about Segerstrom's supposed activities in Oregon. The court did not abuse its discretion.

Affirmed.