FRANK, Judge.
The setting giving rise to the instant proceeding is complex and convoluted. To create a readily understandable context in which to apply the controlling principle of law, we need not recount the facts in detail to express the result of our review. We have reduced this matter to its finest parts.
The trial court considered and granted identical motions to quash and to dismiss for lack of personal jurisdiction filed by John Nicolucci, William Lemieux, Joyce Schneider, Albert Ferrari and Gregory Van Kylen. Service of process on each of the foregoing persons, found defective by the trial court, was based upon Florida’s Long Arm Statute, section 48.193, Florida Statutes (1995). It denied the same motions filed by John Inman and Tom Blackford, however, upon a finding that those two persons were adequately alleged to have significant connection or contact with the State of Florida.
The sole question we resolve is whether the amended complaint sufficiently alleges the existence of a conspiracy among the individual former employees of Avnet having as its objective an adverse effect upon Avnet’s economic interests. From our assessment of the amended complaint and the affidavits tendered in support of the motions to dismiss, which consist essentially of general denials of the individual affiants’ linkage to the State of Florida, we are persuaded that the trial court erroneously granted the motions. The critical mistake we find in the trial court’s disposition lies in its inappropriate engrafting upon the holding in Wilcox v. Stout, 637 So.2d 335 (Fla. 2d DCA 1994), of the notion that a minimum contacts element must exist before the long-arm statute will sustain in personam jurisdiction. Wilcox, however, and the species of constitutionally permissible service it contemplates within the framework of a conspiracy, neither refers to nor depends upon minimum contact with the State.
Hence, based upon Wilcox, we reverse and remand for further proceedings consistent with this opinion.
RYDER, A.C.J., and CAMPBELL, J., concur.