Argued and submitted April 8, 1996, reversed and remanded March 5, 1997

Ronald C. STEERS,
*Appellant,*

*v.*

RESCUE 3, INC.,
dba Rescue Training; Rescue 3 International, Inc.,
dba Rescue Training and
dba Rescue 3 International;
J. Michael Turnbull, individually
and dba Rescue Training
and dba Rescue 3 International,
*Respondents.*

(92CV0049; CA A88107)

934 P2d 532

Kevin Keaney argued the cause for appellant. With him on the briefs was Pozzi Wilson Atchison.

Loren L. Heuertz argued the cause for respondents. With him on the brief was Heuertz and Monen, P.C.

Before Warren, Presiding Judge, and Edmonds and Armstrong, Judges.

ARMSTRONG, J.

Warren, P. J., concurring.

**ARMSTRONG, J.**

Plaintiff appeals from a judgment dismissing his claims for failure to join an indispensable party. We reverse and remand.

Plaintiff is a Canadian resident who attended a river-safety course in 1990 in Alberta, Canada, that was conducted by Rescue 3. At that time, Rescue 3 was owned by James Segerstrom. Sometime thereafter, J. Michael Turnbull purchased 51 percent of Rescue 3's assets and incorporated the business as Rescue 3, Inc., which later became Rescue 3 International, Inc. In 1992, plaintiff filed an Oregon action against Segerstrom, Turnbull and Rescue 3 International for injuries that plaintiff sustained as a participant in the river-safety course, allegedly as a result of the negligence of those who conducted it.

The trial court dismissed plaintiff's claims against Segerstrom for lack of personal jurisdiction and we affirmed that dismissal. *Steers v. Rescue 3, Inc.*, 129 Or App 20, 877 P2d 654 (1994). The remaining defendants then moved to dismiss the action pursuant to ORCP 29 B. The trial court granted the motion, explaining:

> "I'm relying here not only on what I've heard here today, because I really haven't heard very much, but also what I would recall hearing from the earlier hearings, and it's clear to me that Segerstrom is the prime participant in this unfortunate set of circumstances. It is my opinion that to require the successor corporation to proceed in this lawsuit without Mr. Segerstrom would not be equitable and consequently I'm going to grant the motion to dismiss."

Plaintiff appeals the dismissal.

ORCP 29 B,[1] which is virtually identical to FRCP

---

[1] ORCP 29 B provides:

"If a person as described in subsections A(1) and (2) of this rule cannot be made a party, the court shall determine whether in equity and good conscience the action should proceed among the parties before it, or should be dismissed, the absent person being thus regarded as indispensable. The factors to be considered by the court include: first, to what extent a judgment rendered in the person's absence might be prejudicial to the person or those already parties; second, the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided; third, whether a judgment rendered in the person's absence will be adequate; fourth, whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder."

19(b),[2] was adopted in 1978 and has not previously been addressed by this court. "[W]hen Oregon adopts the statute of another jurisdiction, the legislature is presumed also to adopt prior constructions of the statute by the highest court of that jurisdiction." *State v. Stockfleth/Lassen*, 311 Or 40, 50, 804 P2d 471 (1991). Therefore, in interpreting ORCP 29 B, we presume that the legislature adopted the construction of FRCP 19(b) articulated by the United States Supreme Court in *Provident Bank v. Patterson*, 390 US 102, 88 S Ct 733, 19 L Ed 2d 936 (1968). There, the Supreme Court emphasized the fact-specific nature of the indispensable-party rule, stating that "[w]hether a person is 'indispensable,' that is, whether a particular lawsuit must be dismissed in the absence of that person, can only be determined in the context of particular litigation." *Id.* at 118. The Court continued:

> "The decision whether to dismiss (*i.e.*, the decision whether the person missing is 'indispensable') must be based on factors varying with the different cases, some such factors being substantive, some procedural, some compelling by themselves, and some subject to balancing against opposing interests. Rule 19 does not prevent the assertion of compelling substantive interests; it merely commands the courts to examine each controversy to make certain that the interests really exist. To say that a court 'must' dismiss in the absence of an indispensable party and that it 'cannot proceed' without him puts the matter the wrong way around: a court does not know whether a particular person is 'indispensable' until it has examined the situation to determine whether it can proceed without him."

*Id.* at 118-19.[3] The Court concluded that FRCP 19(b) took "adequate account of the very real, very substantive claims to

---

Plaintiff does not assign error to the court's conclusion that Segerstrom was a person who should be joined if feasible under ORCP 29 A, so we assume that Segerstrom qualified as such a person under the rule.

[2] The only difference between FRCP 19(b) and ORCP 29 B is that "[r]eferences in the federal rule to subject matter jurisdiction and venue were deleted as inappropriate to state practice." Lisa A. Kloppenberg, *Oregon Rules of Civil Procedure 1995-1996 Handbook* 78 (1995).

[3] The advisory note to the 1966 amendment to FRCP 19 made a similar point, stating:

> "The subdivision uses the word 'indispensable' only in a conclusory sense, that is, a person is 'regarded as indispensable' when he cannot be made a party and, upon consideration of the factors above mentioned, it is determined that

fairness" that arise in cases where joinder is not feasible. *Id.* at 125. Because ORCP 29 is based on the federal rule, we presume that the legislature intended to adopt a similar pragmatic approach. *See Stockfleth/Lassen,* 311 Or at 50; *see also* Frank R. Lacy, *Indispensable Parties Under ORCP 29,* 62 Or L Rev 317, 360 (1983) ("The point of Rule 29 is that compulsory joinder issues are to be left to the discretion of the judge exercised in light of the facts of the particular case.").

■ With that understanding in mind, we turn to the facts of this case. As a preliminary matter, we conclude that we review a trial court's dismissal of an action under ORCP 29 B for abuse of discretion. *Accord Bakia v. County of Los Angeles of State of Cal.,* 687 F2d 299, 301 (9th Cir. 1982) (applying abuse-of-discretion review under FRCP 19(b)).[4] Under the rule, no specific classes of people are, as a matter of law, indispensable. Instead, in each case the court must consider the particular circumstances and determine whether, as a practical matter, the proceedings can properly continue without the absent person. The determination is based on the balancing of competing interests and the court's exercise of discretion. In exercising its discretion, the court must consider the four factors listed in the rule, as well as any other relevant factors that the court identifies. The trial court is in a better position to make that determination than are we. Therefore, we conclude that we will not reverse a court unless its decision amounts to an abuse of discretion.

---

in his absence it would be preferable to dismiss the action rather than retain it."

Advisory Committee Note to the 1966 Amendment to Rule 19.

[4] It is noteworthy that, while the standard of review for decisions under Rule 19(b) was not well settled before Oregon's adoption of ORCP 29 B, many of the federal circuits subsequently concluded that abuse of discretion is the proper standard of review. *See, e.g., Janney Montgomery Scott v. Shepard Niles,* 11 F3d 399, 403 (3d Cir 1993); *McVay v. Western Plains Corp.,* 823 F2d 1395, 1401 (10th Cir 1987); *Cloverleaf Standardbred Owners v. National Bank,* 699 F2d 1274, 1276-77 (DC Cir 1983); *Bakia,* 687 F2d at 301.

The United States Supreme Court has not expressly adopted a standard of review of decisions made under FRCP 19(b). However, in *Temple v. Synthes Corp.,* 498 US 5, 7, 111 S Ct 315, 112 L Ed 2d 263 (1990), the Court implicitly endorsed the abuse-of-discretion standard by holding that the Fifth Circuit erred in concluding that a district court had not abused its discretion in dismissing a case under FRCP 19(b).

■ Under the abuse-of-discretion standard, "[w]e simply determine whether, on the facts of the particular case, the trial court's ruling was within the reasonable or permissible range." *Carter v. Moberly*, 263 Or 193, 201, 501 P2d 1276 (1972). Based on the record before us, we conclude that the decision to dismiss plaintiff's claim was outside that range. The trial court appears to have approached the issue in the exact manner cautioned against by the Supreme Court in *Provident Bank*. It first considered whether Segerstrom was an indispensable party and then dismissed the action. The court stated:

> "[I]t's clear to me that Segerstrom is the prime participant in this unfortunate set of circumstances. It is my opinion that to require the successor corporation to proceed in this lawsuit without Mr. Segerstrom would not be equitable and consequently I'm going to grant the motion to dismiss."

That approach is backwards. The proper approach to an ORCP 29 B determination is first to determine whether the action could properly continue without the absent person. Only if it could not should the court deem the person indispensable.

Approaching the determination from the proper perspective, a court could not properly dismiss this action for failure to join Segerstrom because, as a practical matter, there are no facts to support a decision to do that. ORCP 29 B lists four factors that the court should consider in determining whether to proceed when joinder is not feasible. While the factors listed in ORCP 29 B are not exhaustive, the record here does not indicate that there are any other factors to consider. Thus, we consider only the factors listed in ORCP 29 B.

■ The first factor the rule directs a court to consider is the extent to which "a judgment rendered in the person's absence might be prejudicial to the person or those already parties." ORCP 29 B. In considering this factor, the primary inquiry is whether the parties in the case can receive complete justice while not prejudicing the absent party. *See generally* Charles Alan Wright, Arthur R. Miller & Mary Kay Kane, *Federal Practice and Procedure* § 1608, at 93 (2d ed 1986).

Here, the missing person, Segerstrom, is not prejudiced if the proceedings continue without him. He cannot be required to defend himself in Oregon against plaintiff's claims, *Steers*, 129 Or App at 22, and, according to the record, plaintiff can no longer bring the claims against him in either of the two other conceivable forums, California or Alberta.[5] To the extent that Segerstrom is concerned about having a contribution claim brought against him, he can intervene in this proceeding by waiving his personal jurisdiction defense or by stepping in and controlling the defense of, at a minimum, Turnbull.[6]

Defendants argue, however, that if the proceedings continue without Segerstrom, they will be prejudiced. They do not claim that they would be subject to multiple actions if the proceedings continue but make a more general equitable argument. Defendants point out that the court found Segerstrom to be the "prime participant" in the events that led to plaintiff's alleged injury. They were not directly involved in those events, and, as a result, they have no first-hand knowledge about them. While that makes Segerstrom's participation in the case important for evidentiary purposes, it does not follow that defendants are prejudiced if the proceedings continue without him as a party.

---

[5] According to the record, Segerstrom is a resident of California; thus, plaintiff could have pursued a claim against him there. However, California has a one-year statute of limitation for tort claims, Cal Civ Pro Code § 340, which has expired in this case. Because plaintiff was allegedly injured in Alberta, Canada, a suit might have been possible there as well. The record indicates that plaintiff filed a claim in Alberta but did not pursue it, and that the time to refile that claim has also lapsed.

[6] When Segerstrom sold a 51 percent interest in the assets comprising Rescue 3 to Turnbull, he and Turnbull executed an indemnity agreement. According to that agreement, Segerstrom has to indemnify Turnbull against tort claims related to the use of the purchased assets before they were sold to Turnbull. The agreement does not specifically address Segerstrom's duty to the newly created corporation. However, under the agreement, if Segerstrom chose to admit, in writing, that the current claim is a claim for which he must indemnify Turnbull, he can take over the defense of that claim.

Defendants argue that our ruling in *Steers* prevents us from considering the effect of the indemnity agreement. That argument is without merit. In *Steers*, we held that the indemnity agreement did not provide a basis for an Oregon court to exercise personal jurisdiction over Segerstrom in an action by plaintiff. 129 Or App at 23. That conclusion is not inconsistent with our consideration of how, as a practical matter, Segerstrom will be affected if this proceeding continues without him.

Defendants also argue that they will be prejudiced if the proceedings continue because, if they are found liable, they have no guarantee that they can recover their losses from Segerstrom through the indemnity agreement that Segerstrom executed when Turnbull purchased 51 percent of Rescue 3's assets.[7] Further, even if Segerstrom is obliged to indemnify them, they argue that the indemnity agreement cannot be used to impose tort liability against them. Assuming that defendants' statements are accurate statements of the law, they do not bear on the prejudice calculation under ORCP 29 B.

When FRCP 19 was amended in 1966, the advisory committee made clear that the rule was not intended to alter the general proposition "that a tortfeasor with the usual 'joint-and-several' liability is merely a permissive party to an action against another with like liability." Advisory Committee Note to the 1966 Amendment to Rule 19; *see also* Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1623 at 342 (2d ed 1986). In Oregon, ORCP 28 A also provides for permissive joinder of joint tortfeasors. It does not require their joinder. ORCP 29 does not alter that principle, so defendants' ability to pursue a successful indemnity or contribution action against Segerstrom does not bear on whether they will be prejudiced by the continuation of plaintiff's action against them.

Here, however, the implication of defendants' arguments is that plaintiff does not allege that they are liable as joint tortfeasors with Segerstrom but that they are liable as successors in interest to Rescue 3. Even if that is true, the distinction that defendants draw is irrelevant to whether they will be prejudiced by continuation of the action against them. They have not argued that plaintiff failed to state a claim against them. If plaintiff proves that they are legally liable as successors in interest for a tort committed by Rescue 3, Segerstrom's sole proprietorship, then the current proceeding will be resolved adversely to them, but without prejudice to their defense of it. Defendants can appeal that outcome if they believe it is without legal or factual merit. Whatever the

---

[7] *See* note 6 above.

outcome, plaintiff's claims will have been properly adjudicated as to them. Therefore, we conclude that, based on the record before us, a judgment rendered in Segerstrom's absence would not be prejudicial to either Segerstrom or defendants.

Because continuing the proceedings prejudices neither defendants nor Segerstrom, the second factor listed in ORCP 29 B is not relevant. That factor allows the court to consider "the extent to which, by protective provisions in the judgment, by the shaping of relief, or other measures, the prejudice can be lessened or avoided." ORCP 29 B.

■ The third factor in ORCP 29 B is "whether a judgment rendered in the person's absence will be adequate." In *Provident Bank*, 390 US at 111, the Supreme Court stated that it read the third factor

> "to refer to [the] public stake in settling disputes by wholes, whenever possible, for clearly the plaintiff, who himself chose both the forum and the parties defendant, will not be heard to complain about the sufficiency of the relief obtainable against them."

Thus, the focus of the third factor is on the public's interest in judicial efficiency. The court must consider "whether the relief it ultimately might grant * * * will leave [plaintiff] only partially compensated, which may lead to further litigation." Charles Alan Wright, Arthur R. Miller and Mary Kay Kane, *Federal Practice and Procedure* § 1608, at 116 (2d ed 1986). Because the record indicates that plaintiff has no other forum in which to pursue his claims, the court need not be concerned that plaintiff will pursue other litigation to satisfy them.

The fourth factor is "whether the plaintiff will have an adequate remedy if the action is dismissed for nonjoinder." ORCP 29 B. Plaintiff argues that, if his case is dismissed here, he will lose his "day in court." Defendants counter that plaintiff's loss would be due to his own mismanagement of his claim and should not be considered. Defendants' argument relates to the weight to be accorded plaintiff's loss of an adequate remedy as a result of dismissal.

Because none of the listed factors supports dismissal, we need not decide whether defendants' argument is correct.

Based on our consideration of the factors identified in ORCP 29 B, we conclude that dismissal of the action was outside the range of discretion available to the trial court under the rule. We therefore reverse and remand the case for further proceedings not inconsistent with this opinion. Because we reverse on plaintiff's first assignment of error, we need not consider his second assignment.

Reversed and remanded.

**WARREN, P. J.,** concurring.

This case is not unlike a case in which tort liability is assumed by, or imposed on, a nontortfeasor with a right to indemnity. A corporation can be held vicariously liable, as a matter of law, for the negligence of its employees. The corporation then has a right of indemnification, as a matter of law, against its negligent servant. *See, e.g., United Pac. Ins. Co. v. Truck Ins. Exchange*, 273 Or 283, 292, 541 P2d 448 (1975). Whether defendants will or will not have a complete remedy against Segerstrom is irrelevant to the issues between plaintiff and defendant.

The majority is correct. Only if the action could not proceed against defendants without joining Segerstrom should this action be dismissed. It is undisputed that Turnbull is the successor in interest of Segerstrom and that he expressly assumed Segerstrom's liability. Here, all of plaintiff's rights may be fully litigated against Turnbull and his corporation, Rescue 3, Inc. We need inquire no further than that. Segerstrom's presence in the action as a party is unnecessary.

I concur.