Submitted on record and briefs November 21, 1996, affirmed April 16, 1997

## GEO-CULTURE, INC.,
an Oregon corporation,
*Appellant,*

*v.*

## SIAM INVESTMENT MANAGEMENT S.A.,
Siam Commercial Finance S.A.,
Siam Management S.A., Siam Holdings S.A.,
All Financial Services, Inc.,
a California corporation,
and Don Stephenson,
*Defendants,*

*and*

## HBZ FINANCE LIMITED,
*Respondent.*

(9501-00400; CA A91628)

936 P2d 1063

Michael J. Morris filed the brief for appellant.

Charles F. Adams, Joel A. Mullin, and Stoel Rives LLP filed the brief for respondent.

Before Deits, Presiding Judge, and De Muniz and Haselton, Judges.

HASELTON, J.

## HASELTON, J.

Plaintiff, Geo-Culture, Inc., appeals from a judgment dismissing its claims against defendant, HBZ Finance Limited (HBZ), a Hong Kong corporation, for lack of personal jurisdiction. ORCP 21 A(2). The trial court determined that plaintiff's pleadings and evidentiary submissions were insufficient to support the exercise of jurisdiction pursuant to ORCP 4 D(1) and ORCP 4 L and, particularly, that plaintiff had not demonstrated the requisites of "co-conspirator" jurisdiction. We affirm.

The gist of the dispute, as described in plaintiff's complaint and affidavits,[1] is as follows. Plaintiff is an Oregon corporation that is involved in the development of greenhouse horticulture using geothermal energy for heating. Defendant HBZ is a Hong Kong corporation authorized to act as, *inter alia*, a depository bank.

In the summer or fall of 1993, plaintiff sought venture-capital financing to expand its operations. In the course of those efforts, plaintiff came into contact with defendant Stephenson, an officer of defendant All Financial Services, Inc. Stephenson, in turn, provided plaintiff with information concerning "Siam Commercial Group," or, individually, defendants Siam Investment Management S.A., Siam Commercial Finance S.A., Siam Management S.A., and Siam Holdings S.A. (the Siam defendants), as a possible source of funding. Stephenson assured plaintiff that the Siam Commercial Group had substantial assets and many ongoing projects in various stages of completion.

Thereafter, the Siam defendants, and, particularly, Siam Investment Management S.A., represented that, if plaintiff met certain conditions, including the payment of a

_____

[1] In *Sutherland v. Brennan*, 131 Or App 25, 28, 883 P2d 1318 (1994), *aff'd on other grounds* 321 Or 520, 901 P2d 240 (1995), we described our standard of review:

"In reviewing the granting of a motion to dismiss for lack of personal jurisdiction, we assume the truth of all well pleaded allegations and any facts that may be adduced as proof of those allegations. Plaintiff bears the burden of alleging and proving the facts necessary to establish jurisdiction. In making findings as to the existence of those facts, the trial court may base its determination on the allegations contained in the pleadings and affidavits that are submitted by both parties." (Citations omitted.)

substantial "loan application" fee, Siam Investment Management S.A. would issue a firm commitment letter. If plaintiff accepted and complied with the terms of that letter, the loan would be forthcoming.

In May 1994, plaintiff applied for a loan of $6.75 million and paid a loan application fee of $15,100, in the form of a cashier's check, to Siam Management S.A. Siam Holdings S.A. subsequently endorsed the check,[2] and the check was ultimately deposited with, and endorsed by, defendant HBZ.

In June 1994, Siam Holdings issued a "letter of commitment" to plaintiff in which Siam Holdings agreed to provide the $6.75 million loan on the fulfillment of certain conditions, including plaintiff's payment of an additional "commitment fee" to Siam Holdings. Plaintiff thereafter performed the conditions, including the payment of the additional commitment fee of $11,700, in the form of a cashier's check, to Siam Holdings. Again, Siam Holdings endorsed the check, and again the check was ultimately deposited with, and endorsed by, HBZ. Notwithstanding plaintiff's performance of all conditions and its payment of the loan application and commitment fees, the Siam defendants never advanced the proposed funds.

In January 1995, plaintiff filed this action, asserting claims for breach of contract, fraud, and racketeering activity, in violation of the Oregon Racketeer Influenced and Corrupt Organizations Act (ORICO), ORS 166.715 *et seq*. The original complaint did not refer to, much less allege claims against, HBZ. Thereafter, plaintiff amended its complaint to allege, in conclusory fashion, that HBZ was the "undisclosed principal" of the Siam defendants, collectively and individually, and of "subagent" defendant All Financial Services. In its claim for fraud, plaintiff alleged that "defendants are engaged in a scheme or conspiracy." In its ORICO claim, plaintiff alleged that the defendants "conspir[ed]" to violate ORICO.

HBZ filed a motion to dismiss for lack of personal jurisdiction. ORCP 21 A(2). HBZ argued that plaintiff had

---

[2] The record does not disclose why Siam Holdings, and not Siam Management, endorsed the check.

failed to plead any basis warranting the exercise of personal jurisdiction under ORCP 4 A through L and, particularly, that asserting jurisdiction over HBZ would not comport with due process. In response, plaintiff moved to compel discovery of jurisdictional facts from HBZ through telephonic deposition and documentary production and to defer its response on the "jurisdictional merits" until that discovery was completed. The trial court ruled that plaintiff could conduct discovery concerning jurisdictional facts, but only in accordance with the process described in the Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters.[3] The court reserved ruling on other aspects of the motion to compel until the Hague Convention discovery, if any, was completed. Without pursuing Hague Convention discovery, plaintiff then filed a response to the motion to dismiss.

In opposing dismissal, plaintiff asserted that exercising personal jurisdiction over HBZ would be appropriate under the "co-conspirator" theory of jurisdiction, which some courts have adopted.[4] Plaintiff asserted, particularly, that, in depositing the cashier's check into its own account, HBZ was acting not as a bank, but as a co-conspirator in the Siam defendants' activity. Plaintiff contended that, because of the "co-conspirator" nexus, HBZ should be subject to the jurisdiction of the Oregon courts.[5]

---

[3] The Hague Convention on the Taking of Evidence Abroad in Civil or Commercial Matters, *opened for signature*, March 18, 1970, 23 UST 2555, TIAS No. 7444 (Hague Convention), establishes procedures by which a judicial authority of one signatory nation may request the production of evidence located in another signatory nation. *Societe Nationale Industrielle Aerospatiale v. U.S. District Court*, 482 US 522, 524, 107 S Ct 2542, 96 L Ed 2d 461 (1987). The Hague Convention is designed " 'to reconcile the differing legal philosophies of the Civil Law, Common Law and other systems with respect to the taking of evidence.' " *Id.* at 550 (Blackmun, J., concurring in part; dissenting in part) (citation omitted). Both the United States and the United Kingdom of Great Britain (which governs Hong Kong) are signatory nations.

[4] *See, e.g., Textor v. Board of Regents Of N. Ill. Univ.*, 711 F2d 1387 (7th Cir 1983); *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F Supp 559, 565 (MDNC 1979); *Ghazoul v. International Management Services, Inc.*, 398 F Supp 307 (SDNY 1975); *Mandelkorn v. Patrick*, 359 F Supp 692 (DDC 1973); *Istituto Bancario Italiano v. Hunter Eng. Co.*, 449 A2d 210 (Del 1982); *Wilcox v. Stout*, 637 So 2d 335 (Fla App 1994); *Rudo v. Stubbs*, 221 Ga App 702, 472 SE2d 515 (1996); *Hammond v. Butler, Means, Evins & Brown*, 300 SC 458, 388 SE2d 796, *cert den* 498 US 952 (1990).

[5] Plaintiff also argued that HBZ should be subject to Oregon jurisdiction under an "agency" theory—*i.e.*, that HBZ was the "undisclosed principal" of the Siam defendants. Plaintiff does not renew that argument on appeal.

In reply, HBZ argued that, even if "co-conspirator" long-arm jurisdiction were cognizable under ORCP 4, plaintiff had failed to plead and prove the requisites for such jurisdiction, as recognized and applied in other jurisdictions. In particular, HBZ asserted that, notwithstanding the conclusory and unadorned allegation of "conspiracy," plaintiff had not pleaded or proffered evidence of any facts from which it could be reasonably inferred that HBZ was a participant in a conspiracy, much less that HBZ knew, or should have known, that any act in furtherance of the Siam defendants' alleged conspiracy would occur or have an effect in Oregon. *See, e.g., Dixon v. Mack*, 507 F Supp 345, 348-50 (SDNY 1980); *Gemini Enterprises, Inc. v. WFMY Television Corp.*, 470 F Supp 559, 564 (MDNC 1979); *Istituto Bancario Italiano v. Hunter Eng. Co.*, 449 A2d 210, 225 (Del 1982) (all endorsing a "knew or should have known" requirement).

The trial court adopted HBZ's argument and dismissed plaintiff's claims:

> "I think it's—there's a reasonable likelihood that the Supreme Court would acknowledge a conspiracy theory for personal jurisdiction, but I think even under the cases that have allowed the conspiracy basis, that here the plaintiff has neither pleaded nor presented evidence of sufficient facts from which it could be inferred that HBZ was aware of the conduct.
>
> "* * * * *
>
> "* * * [I]n light of my ruling that this Court has no personal jurisdiction over this defendant, I am going to deny any and all other relief sought against it, including the right of discovery. So that may be the equivalent of the ruling you wanted, but I'm denying your Motion to Compel."[6]

On appeal, plaintiff raises two assignments of error: (1) The trial court erred in directing plaintiff to pursue discovery of jurisdictional facts in accordance with the process

---

[6] Plaintiff's claims against defendant Siam Commercial Finance S.A. were dismissed pursuant to UTCR 7.020 on August 23, 1995. On October 2, 1995, plaintiff obtained default judgments as to all claims against the remaining Siam defendants, as well as defendant All Financial Services, Inc. On December 29, 1995, the court allowed judgment for plaintiff on all claims against the remaining defendant, Stephenson.

specified in the Hague Convention, while reserving ruling on the availability of discovery under the Oregon Rules of Civil Procedure pending completion of the Hague Convention process. (2) The trial court erred in granting HBZ's motion to dismiss for lack of personal jurisdiction. For clarity of analysis, we address those assignments in reverse order.

■     Plaintiff contends that HBZ is subject to jurisdiction pursuant to ORCP 4 D(1) and ORCP 4 L,[7] because HBZ acted as a co-conspirator in a scheme to defraud, and to engage in racketeering activities with respect to, plaintiff.[8] Acknowledging that HBZ had no direct contact with Oregon, plaintiff invokes the concept of "co-conspirator" jurisdiction recognized in some jurisdictions[9] but rejected in others.[10] Neither we nor the Oregon Supreme Court have previously addressed, much less endorsed, "co-conspirator" jurisdiction.

We need not, and do not, decide whether "co-conspirator" jurisdiction is cognizable under ORCP 4 D(1) or ORCP 4 L. Like the trial court, we conclude that, whatever the abstract merits of that question, plaintiff failed to make even a *prima facie* showing of the requisites of such jurisdiction.

■     In so holding, we find persuasive the Delaware Supreme Court's analysis in *Istituto*. There, the court identified the elements that a plaintiff must demonstrate before an

---

[7] ORCP 4 D allows a court to exercise personal jurisdiction

"[i]n any action claiming injury to person or property within this state arising out of an act or omission outside this state by the defendant, provided in addition that at the time of the injury, either:

"(D)(1) Solicitation or service activities were carried on within this state by or on behalf of the defendant[.]"

ORCP 4 L permits the assertion of personal jurisdiction

"[n]otwithstanding a failure to satisfy the requirement of sections B through K of this rule, in any action where prosecution of the action against a defendant in this state is not inconsistent with the Constitution of this state or the Constitution of the United States."

[8] Plaintiff's appellate brief makes only a single cursory reference to ORCP 4 D(1). The brief does not attempt to relate plaintiff's pleadings and proof to the particular requirements of that rule. Instead, plaintiff essentially conflates ORCP 4 D(1) and ORCP 4 L and frames its argument in terms of the due process/"minimum contacts" analysis that underlies the latter.

[9] *See* cases cited in note 4 above. 147 Or App at 540.

[10] *See, e.g., Kipperman v. McCone*, 422 F Supp 860, 873 n 14 (ND Cal 1976); *Hewitt v. Hewitt*, 78 Wash App 447, 454-55, 896 P2d 1312 (1995).

out-of-state defendant can be subjected to jurisdiction based on alleged participation in a conspiracy:

> "(1) a conspiracy to defraud existed; (2) the defendant was a member of that conspiracy; (3) a substantial act or substantial effect in furtherance of the conspiracy occurred in the forum state; (4) the defendant knew or had reason to know of the act in the forum state or that acts outside the forum state would have an effect in the forum state; and (5) the act in, or effect on, the forum state was a direct and foreseeable result of the conduct in furtherance of the conspiracy." 449 A2d at 225.

*See also Glaros v. Perse*, 628 F2d 679, 682 (1st Cir 1980) (plaintiff's factual allegations concerning conspiracy must connect plaintiff to forum activity); *Hasenfus v. Corporate Air Services*, 700 F Supp 58, 62 (DDC 1988) ("Bald speculations that defendants are alleged co-conspirators do not constitute the threshold showing necessary to carry the burden of establishing personal jurisdiction.").[11]

Here, plaintiff failed to plead, much less prove, that HBZ "knew or had reason to know * * * that acts outside the forum state would have an effect in the forum state[.]" *Istituto*, 449 A2d at 225. Plaintiff's amended complaint merely alleged that HBZ was a conspirator, without pleading any of the elements of conspiracy. That is, plaintiff merely asserted that "[d]efendants are engaged in a scheme or conspiracy to collect various 'application fees' and 'commitment fees'" and that defendants participated in unlawful racketeering activity by "[c]onspiring to violate ORS 166.720(1), (2), or (3)." Nothing in the amended complaint or in plaintiff's evidentiary submissions referred to HBZ's actual or constructive knowledge with respect to activities in Oregon.

---

[11] *See also American Land v. Bonaventura Uitgevers Maatschappij*, 710 F2d 1449, 1454 (10th Cir 1983) (requiring some factual showing of conspiracy); *Lehigh Valley Industries, Inc. v. Birenbaum*, 527 F2d 87, 93-94 (2d Cir 1975) (the "bland assertion of conspiracy" is not enough to establish jurisdiction; plaintiff must allege specific facts connecting defendant with the conspiratorial activity); *Dixon v. Mack*, 507 F Supp 345, 348-50 (SDNY 1980) (requiring factual showing of defendant's connection to a conspiracy and of defendant's awareness of the effects of its activity in the forum state); *Gemini*, 470 F Supp at 565 (requiring plaintiff to plead the essential jurisdictional facts); *Turner v. Baxley*, 354 F Supp 963, 976-77 (D Vt 1972) (plaintiff failed to plead that the conspiracy was calculated to have an effect in Vermont).

We note, moreover, that this is not a case in which plaintiff was somehow "blind-sided" by some insufficiency in its jurisdictional pleadings or proof. HBZ's legal memoranda in support of the motion to dismiss clearly identified the deficiencies in plaintiff's pleadings and proof—even under a "coconspirator" theory of jurisdiction—and plaintiff stood pat. The trial court did not err in granting HBZ's motion to dismiss.

■ Plaintiff's first assignment of error challenges the trial court's order directing that discovery on jurisdictional issues would, at least initially, be limited to the process available under the Hague Convention. The trial court did not err. Because plaintiff's operative amended complaint failed to allege a *prima facie* basis for asserting jurisdiction over HBZ, the court did not err in so limiting discovery pursuant to ORCP 21 A.[12] *See, e.g., Steers v. Rescue 3, Inc.*, 129 Or App 20, 23, 877 P2d 654 (1994) (affirming dismissal for lack of personal jurisdiction and specifically rejecting defendant's argument that trial court abused its discretion in denying motion for continuance "to enable [the plaintiff] to conduct further discovery about [the defendant's] supposed activities in Oregon").

Affirmed.

---

[12] ORCP 21 A provides, in part:

"If, on a motion to dismiss asserting defenses (1) through (7), the facts constituting such defenses do not appear on the face of the pleading and matters outside the pleading, including affidavits and other evidence, are presented to the court, all parties shall be given a reasonable opportunity to present evidence and affidavits, and the court may determine the existence or nonexistence of the facts supporting such defense or may defer such determination until further discovery or until trial on the merits."